# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. ROBERT RAY MILLS

**Direct Appeal from the Criminal Court for Sumner County**
**No. 747-2002    Jane Wheatcraft, Judge**

---

**No. M2003-01813-CCA-R3-CD - Filed October 18, 2004**

---

This matter was presented to the Court upon the motion of the State of Tennessee, pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Robert Ray Mills, Petros, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Lawrence Ray Whitley, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

A review of the transcript of the sentencing hearing in this case reveals that Defendant pled guilty to one count of misdemeanor theft, one count of resisting arrest, one count of joyriding, one count of evading arrest involving a risk of death, one count of driving on a canceled, suspended, or revoked license, fourth offense, one count of vandalism over $1,000.00 (Class D felony), and one count of aggravated criminal trespass.  Apparently, as part of the plea agreement, Defendant agreed to certain specified sentences, and one sentence to run consecutive to the remaining sentences, for an effective five-year sentence.  The sentencing hearing was to determine whether or not Defendant was entitled to receive probation or some other form of alternative sentence rather than full incarceration.  The trial court ruled that Defendant must serve the entire five-year sentence by incarceration.  The sentencing hearing was held April 15, 2003.  The judgments were not made a part of the record by Defendant. Defendant filed a "Motion to Correct/Reduce Sentence" on July 1, 2003.  In this motion, Defendant argues that he did not meet any criteria for consecutive sentencing.  Furthermore, he complained that the trial court did not state what factors justified a determination

of consecutive sentencing, and that he was eligible for alternative sentencing as provided by law. The relief requested in the motion was for the trial court to modify the sentence imposed, or correct it to "remove" consecutive sentencing or to amend the judgment to reflect a sentence to be served on probation or community corrections. The trial court entered an order denying the motion, without an evidentiary hearing, from which Defendant has filed this appeal.

It is obvious from the limited record prepared by Defendant that consecutive sentencing was imposed upon him pursuant to a plea agreement entered into by Defendant, who was represented by counsel at the trial level. Rule 35 of the Tennessee Rules of Criminal Procedure provides as follows:

> **Rule 35. Correction or Reduction of Sentence.** — (a) [Reserved.]
> (b) Reduction of Sentence. — The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. *A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing*. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed. (Emphasis added).

The judgment was rendered in this matter in a proceeding before the trial court without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court.

Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE